# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF CONTRACK WATTS, INC., a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>RELYANT GLOBAL, LLC, a Tennessee limited liability company, SOMPO INTERNATIONAL INSURANCE, a New York corporation, and LEXON SURETY GROUP, a Texas corporation,<br><br>Defendants. | CIVIL CASE NO. 20-00003<br><br>**DECISION AND ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

Before the court is a Renewed Motion to Dismiss under FRCP 12(b)(6) and to Transfer Venue under 28 U.S.C. § 1404 based on the Doctrine of Forum Non Conveniens, filed by Defendants Relyant Global, LLC, and Sompo International Insurance (hereinafter "Defendants"). *See* Mot., ECF No. 57. After reviewing the parties' briefs, relevant cases and statutes, and having heard argument from counsel on the matter, the court hereby **GRANTS** the motion to dismiss without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2015, Plaintiff Contrack Watts, Inc. entered into a subcontract

1

agreement (the "Subcontract") with Defendant Relyant to furnish labor, materials, and equipment required to complete a portion of Relyant's prime contract with NAVFAC Marianas for a federal project at Anderson Air Force Base, Guam. FAC at 3, ECF No. 55. Relyant obtained a Miller Act payment bond from Defendant Lexon Surety Group, the predecessor of Sompo, as required by NAVFAC. *Id.*

The Subcontract provides the following Choice of Law and Disputes section:

> This Agreement shall be construed and interpreted in accordance with the laws of the State of Tennessee, U.S.A. Subcontractor hereby consents to the jurisdiction of any local, state, or federal court located within the State of Tennessee and waives any objection it may have based on improper venue or forum non convenient to the conduct of any proceeding in any such court.
>
> The Parties acknowledge that there are a number of informal dispute resolution procedures (such as non-binding mediation and informal conferences) which will be used in an effort to resolve any controversy, dispute or claim arising out of this Agreement, or the alleged breach thereof. The Parties agree that the aforementioned procedures will be utilized prior to proceeding in a judicial forum. Should any such controversy, dispute or claim arise, the Parties shall first attempt to resolve it by designated executives of the Parties. If that is unsuccessful, either Party may request in writing that an informal dispute resolution procedure should be utilized, stating in general terms the nature of the proposed procedure and provide the other Party with sufficient descriptions and information regarding its position to permit informed assessments and decisions. The other Party shall then have a period of two (2) weeks in which to respond. If no answer to such request is given within such period, then the requesting party shall be free to pursue any legal remedy which may be available to it. If such request is answered by the other Party, the Parties shall follow the procedure outlined in the request, or other procedure mutually agreed to by the Parties, in a diligent effort to resolve the controversy, dispute or claim. In the event the parties fail to resolve the claim or controversy in the dispute resolution procedure utilized, within two (2) weeks thereafter either party may propose an additional informal dispute resolution procedure and the parties shall proceed in like manner as above. If, in spite of the diligent effort of the Parties, the controversy, dispute or claim is not resolved; then either party may pursue legal action as appropriate in a court of law in the State of Tennessee.

¶ 16, Ex. 1 to Decl. of Patton at 5-6, ECF No. 11.[1]

---

[1] Defendants have attached the parties' Subcontract as an exhibit to a declaration. *See* Ex. 1 to Decl. of Patton, ECF No. 11. Although Plaintiff did not attach the document to its FAC, the court may consider the Subcontract under the "incorporation by reference" doctrine as the Subcontract's contents form the basis of Plaintiff's claim for breach of contract, and no party here has disputed the document's authenticity. *See Knievel v. ESPN*, 393 F.3d 1068 at 1076 (9th Cir. 2005); *Branch v. Tunnell*, 14 F.3d 449 at 454 (9th Cir. 1994); *U.S. v. Ritchie*, 342 F.3d 903 at 909 (9th Cir. 2003).

2

On January 10, 2020, Plaintiff filed its initial complaint against Defendants Relyant and Sompo International Insurance, alleging claims for (1) breach of contract, (2) quantum meruit, and (3) failure to make payment on a Miller Act bond. Compl. at 3-4, ECF No. 1. However, on July 9, 2020, Plaintiff filed its first amended complaint ("FAC"), adding Lexon Surety Group as a defendant to the suit. *See* FAC, ECF No. 55.

On July 23, 2020, Defendants filed the instant motion.[2] *See* Mot., ECF No. 57. Because the motion to dismiss is granted, the court finds it unnecessary to discuss Defendants' motion to transfer venue as well as their motion to dismiss Sompo.

**II.     ANALYSIS**

**A. Applicable Legal Standard**

The court treats the motion to dismiss for failure to satisfy the alternate dispute resolution clause as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). There is a consensus among Ninth Circuit district courts that "failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal" under Rule 12(b)(6). *Franke v. Yates*, 2019 WL 4856002, at *5 (D. Haw. Oct. 1, 2019) (citing *Brosnan v. Dry Cleaning Station, Inc.*, 2008 WL 2388392, at *1-2 (N.D. Ca. June 6, 2008) (dismissing complaint without prejudice where plaintiff failed to satisfy agreement's mediation condition precedent prior to filing a lawsuit). *See, e.g.*, *B&O Mfg., Inc. v. Home Depot U.S.A., Inc.*, 2007 WL 3232276, at *8 (N.D. Cal. Nov. 1, 2007) ("A claim that is filed before a mediation requirement, that is a condition precedent to the parties' right to sue as set forth in an agreement, is satisfied shall be dismissed."); *Delamater v. Anytime Fitness,*

---

[2] Defendants filed their original motion to dismiss on March 3, 2020. Mot., ECF No. 9. Thereafter, the court granted Plaintiff's motion to amend the complaint. Minute Entry, ECF No. 51. Defendants, in turn, filed the renewed motion to dismiss. Mot., ECF No. 57. In light of the first amended complaint and the renewed motion to dismiss, the court found the original motion to dismiss, ECF No. 9, moot. *See* Order, ECF No. 68.

3

*Inc.*, 722 F.Supp.2d 1168,1180-81 (E.D. Cal. 2010) (dismissing complaint without prejudice for plaintiff's failure to satisfy condition precedent necessary to trigger right to initiate litigation); *Del Rey Fuel, LLC v. Bellingham Marine Indus.*, 2012 WL 12941956, at *3 (C.D. Cal. Apr. 10, 2012); *Brooks v. Caswell*, 2015 WL 517808, at *4 (D. Or. Sept. 3, 2015); *Centaur Corp. v. On Semiconductor Components Indus., LLC*, 2010 WL 444715, at *3 (S.D. Cal. Feb. 2, 2010).

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim tests the legal sufficiency of the claims asserted in the plaintiff's complaint. *Conservation Force v. Salazar*, 646 F.3d 1040, 1241-1242 (9th Cir. 2011). Dismissal under Rule 12(b)(6) is proper only where there is a "lack of cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept factual allegations in the complaint as true and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

To survive dismissal, a complaint must assert a plausible claim and set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 554 (2007)). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" for the alleged claim. *Id.*

**B. Discussion**

  **1. The Subcontract's alternate dispute resolution clause is a mandatory condition precedent to filing suit.**

In interpreting an agreement to arbitrate, a Ninth Circuit district court should apply ordinary state-law principles governing contract formation while giving due regard to the federal

4

policy in favor of arbitration. *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046 at 1049 (9th Cir. 1996). To determine whether a contract makes mediation a condition precedent, a district court may apply standard principles of contract construction and resolve any doubts in favor of mediation. *Centaur Corp.*, 2010 WL 444715, at *3.

Pursuant to the Subcontract, the parties' agreement shall be construed and interpreted in accordance with the laws of the State of Tennessee. ¶ 16, Ex. 1 to Decl. of Patton at 5-6, ECF No. 11. Under Tennessee state law, the cardinal rule of contract interpretation is "to ascertain and give effect" to the parties' intent by looking at the plain meaning of the words in the document. *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006). In the absence of any ambiguity, the literal meaning of the contract's words will control the outcome of the dispute. *Id.* If the language is plain and unambiguous, courts can determine the parties' intent from "the four corners of the contract, interpreting and enforcing [the contract] as written." *Union Realty, Co., Ltd. v. Family Dollar Stores of Tenn., Inc.*, 255 S.W.3d 586 at 591 (Tenn.Ct.App. 2007).

Here, Defendants argue that the alternate dispute resolution clause's line "the aforementioned (informal dispute resolution) procedures *will be utilized* prior to proceeding in a judicial forum" indicates the procedure is a mandatory condition precedent to filing suit. Defs.' Mem. at 8, ECF No. 58 (emphasis added). Plaintiff disputes Defendants' reading, urging this court to find that the condition precedent is vague and permissive and should not be interpreted as an enforceable condition precedent to filing suit. Pl.'s Opp'n. at 9, ECF No. 63.

The court agrees with Defendants' interpretation. Read on its face and in its entirety, the language of the Subcontract's alternate dispute resolution clause is plain and unambiguous. The clause clearly indicates the parties' intent to implement a series of steps that must be met before either party can institute litigation. These mandatory steps are: *first*, the parties shall attempt to resolve any controversy, dispute, or claim arising out the Subcontract through their designated

5

executives; *second*, if this first step proves unsuccessful, either party may request from the other in writing that an informal dispute resolution procedure be used; *third*, if there is no answer to the request within a period of two (2) weeks, the requesting party may pursue any legal remedy available to it; where the steps thereafter also prove unsuccessful, the final step allows either party to pursue legal action "in a court of law in the State of Tennessee." ¶ 16, Ex. 1 to Decl. of Patton at 5-6, ECF No. 11. These steps, when read with the first provision that "a number of informal dispute resolution procedures…*will be used*… in an effort to resolve any controversy, dispute, or claim arising out of the Subcontract," demonstrate a mandatory condition precedent. *Id.* (emphasis added). Accordingly, since the alternate dispute resolution clause is a mandatory condition precedent, the parties must exhaust the steps delineated therein before either may proceed in a judicial forum; that forum, venue and jurisdiction being in the State of Tennessee pursuant to ¶ 16 of the Subcontract Agreement.

**2. Plaintiff did not satisfy the mandatory condition precedent before filing this action.**

District courts within the Ninth Circuit have found plaintiffs failed to satisfy a mandatory condition precedent where they did not "submit (their) claims to mediation" or "pursue mediation prior to filing" a lawsuit. *Golden State Foods Corp. v. Columbia/Okura LLC*, 2014 WL 2931127, at *7 (C.D. Cal. 2014); *Brosnan*, 2008 WL 2388392, at *2. The trend within these cases is that either party must, at the least, request mediation pursuant to the condition before filing suit on any claims arising from the parties' contract. Additionally, since this court finds the Subcontract's alternate dispute resolution clause is a mandatory condition precedent in its entirety, the parties must exhaust the required steps before either party may initiate litigation.

The parties dispute whether Plaintiff has alleged and taken the steps necessary to satisfy the Subcontract's mandatory condition precedent. In its FAC, Plaintiff alleges that Watts' executives and other officials "attempted to resolve disputes between Watts and Relyant" which

6

included "discussions and exchange of correspondence between executives of both companies." FAC at 4, ECF No. 55. Plaintiff also alleges it "sought to engage with Relyant's 'Settlement Offer'" and offered to "meet at Relyant's convenience… to settle out and close the subject contract." *Id.*

Defendants, on the other hand, argue that the alleged measures do not satisfy the mandatory dispute resolution prerequisites. Defs.' Mem. at 9, ECF No. 58. The court agrees with Defendants on this issue. Taking the alleged measures as true, the court finds that Plaintiff did not exhaust each step of the Subcontract's alternate dispute resolution clause before filing this suit. In its FAC, Plaintiff does not allege it "request(ed) [from Relyant] in writing that an informal dispute resolution procedure… be utilized," as the ADR procedure's second step requires. Additionally, Plaintiff does not allege in its complaint that it made any request to mediate or that it submitted its claims to mediation before filing its complaint. Plaintiff's claims fall short of demonstrating that it has taken the steps necessary to exhaust the Subcontract's alternate dispute resolution clause or that it has even attempted to do so. Accordingly, this court finds that Plaintiff did not satisfy the Subcontract's mandatory condition precedent before filing its complaint. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons stated herein, the court **GRANTS** Defendants' renewed motion to dismiss Plaintiff's complaint. This case is hereby **DISMISSED** without prejudice. Having dismissed the case, the court finds it unnecessary to discuss Defendants' motion to transfer venue as well as their motion to dismiss Sompo.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Oct 29, 2020**

7